1

2

3

4

5

6

7

8

9               IN THE UNITED STATES DISTRICT COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   TIMOTHY LEE BYRD,                    No. 2:02-cv-2013-MCE-JFM-P

13           Petitioner,

14       v.                              ORDER

15   GAIL LEWIS, et al.,

16           Respondents.
                                  /
17   _____

18       Petitioner, a state prisoner proceeding pro se, sought relief pursuant to 28 U.S.C. § 2254.

19   Judgment was entered in this action on April 24, 2006.  On June 7, 2006, petitioner filed a

20   motion for leave to proceed in forma pauperis on appeal.  Good cause appearing, petitioner's

21   motion for leave to proceed in forma pauperis on appeal will be granted.[1]

22       On June 7, 2006, petitioner also filed a request for reconsideration of this court's May 19,

23   2006 order issuing a certificate of appealability as to petitioner's jury instruction

24

25       [1] Petitioner's initial application for leave to proceed in forma pauperis was denied and
     petitioner was required to pay the $5.00 filing fee.  (December 12, 2002 Order.)  Upon
     reconsideration, that order was affirmed by the district court.  (January 8, 2003 Order.)  However,
26   the filing fee to proceed in the Ninth Circuit Court of Appeals is $455.00.

claims.[2]  Petitioner asks the court to issue a certificate of appealability as to petitioner's fourth

claim that sentencing petitioner under the California Three Strikes Law violated the ban on cruel

and unusual punishment.  Based on the February 1, 2006 findings and recommendations, this

court found petitioner was not entitled to a certificate of appealability as to his fourth claim.

(February 1, 2006 Findings and Recommendations at 21-25.)  Upon reconsideration, this court

affirms the denial of the issuance of certificate of appealability on petitioner's fourth claim.  See

also Taylor v. Lewis, ___ U.S. ___ , ____ S.Ct. ____ (August 15, 2006)(2006 DIDAR 10771)

(three strikes sentence of 25 years to life for possession of 0.036 grams of cocaine did not violate

the Eighth Amendment).

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Petitioner's June 7, 2006 motion to proceed in forma pauperis on appeal is granted;

2.  Petitioner's June 7, 2006 request for reconsideration is granted; and

3.  Upon reconsideration, the May 19, 2006 order is affirmed.

DATED: August 22, 2006

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

_____

[2]  Petitioner's request is timely.  The Supreme Court has held that the situation of pro se prisoners seeking to meet court deadlines is unique and that therefore a document may be "filed" on the date that it is given by an inmate to prison authorities for mailing.  Houston v. Lack, 487 U.S. 266, 270-72, 275 (1988).  Petitioner presented his document to prison authorities for mailing on May 31, 2006.